UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | Case No: 2:24-cr-139 |
| vs. : | |
| : | JUDGE WATSON |
| CRYSTAL MIRANDA, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Now comes the United States of America, by and through undersigned counsel, and hereby submits its Memorandum in aid of sentencing.

**I.  BACKGROUND**

On June 25, 2025, Defendant **CRYSTAL MIRANDA** entered a plea of guilty to both charges listed in the Indictment filed in this case without the benefit of a plea agreement, to include: one count of conspiracy to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C), and one count of possession with intent to distribute a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

The Probation Officer released the final PSR and sentencing in this matter is scheduled for March 4, 2026.

**II.  PROBATION'S RECOMMENDATION AND OUTSTANDING OBJECTION TO PSR**

The United States has reviewed the PSR in this case. The Probation Office calculated a base offense level of 30, subtracted two levels upon application of the safety-valve reduction, subtracted four levels for being a minimal participant, added two levels for use of a minor,

1

subtracted two levels for being a zero-point offender, and finally subtracted three levels for acceptance of responsibility, resulting in a total offense level of 21. At a criminal history category I, the resulting guidelines range is 37 to 46 months.

Defendant objects to the application of the use of a minor enhancement under U.S.S.G. § 3B1.4 and the Government joins in the objection. Pursuant to U.S.S.G. § 3B1.4, a two-level increase is warranted "[I]f the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense." The commentary to that section provides that "used or attempted to use" language includes "directing, commanding, encouraging, intimidating, counseling, training, procuring, recruiting, or soliciting."

The Government does not dispute that Defendant's minor son texted his girlfriend the day prior that he was going to Ohio for work and that Defendant told law enforcement that her minor son, as well as her other adult relatives in the car, thought they were driving to Ohio to visit family and/or to go to Cedar Point. However, at no point did Defendant's minor son tell law enforcement those lies nor was there any other evidence that Defendant otherwise instructed her son to say or do anything related to the drug trafficking offense. While undoubtedly concerning that Defendant's minor son was in the vehicle with her while she transported over 20 kilograms of cocaine across state lines, without more, the United States does not believe this enhancement is applicable.

Should the Court grant the parties' joint objection, the applicable total offense level would be 19, resulting in a guidelines range of 30 to 37 months.

III. **SENTENCING FRAMEWORK**

After *Booker v. United States*, 543 U.S. 220 (2005), district courts are to engage in a two-step sentencing procedure. Courts are first to determine the applicable guidelines range, then consider the applicable guidelines range—along with all of the factors listed in 18 U.S.C. § 3553(a)—to determine what sentence to impose. *Gall v. United States*, 552 U.S. 38, 49–50 (2007); *Rita v. United States*, 551 U.S. 338, 351 (2007). The central command to district courts in imposing a sentence is to fashion one that is sufficient, but not greater than necessary, to meet the goals set forth in 18 U.S.C. § 3553(a).

Section 3553(a) further delineates seven factors the Court must consider in fashioning an appropriate sentence: (1) the nature and circumstances of the offense/history and characteristics of the defendant; (2) the statutory purposes of sentencing; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing ranges as set forth in the Sentencing Guidelines; (5) Sentencing Guidelines policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense.

IV. **ANALYSIS AND RECOMMENDATION OF THE UNITED STATES**

As noted above, there are seven factors the Court is to consider during sentencing, pursuant to 18 U.S.C. § 3553(a). The Government submits that while the Court should consider each of the above factors, the following facts are highly pertinent to the Court's consideration of the nature and circumstances of the offense, as well as the history and characteristics of the defendant.

The nature and circumstances of the offense are described in detail in the PSR at ¶¶ 7 to 14. In short, in August 2024, the DEA learned that a known drug trafficking target was flying into Columbus to pick up a load of narcotics. Defendant's vehicle was identified as the car that

would be used to transport the dope and law enforcement learned that the vehicle would be coming from Chicago. On September 2, DEA agents observed Defendant meet with the known target in an alley in Columbus and leave the encounter in her vehicle without an exchange occurring. A traffic stop was subsequently executed on Defendant's car, and it was found to contain 20.03 kilograms of cocaine hidden in the rear passenger door and hatch panels. The other occupants in the vehicle were identified as Defendant's 15-year-old son and Defendant's adult brother and his girlfriend. At the outset, Defendant told officers that they were in town to visit family and possibly make a stop at Cedar Point. When asked specifically about the drugs in the vehicle, Defendant initially told law enforcement that it must have been in the car when Defendant and her boyfriend purchased it from the Ford dealership in Chicago the month prior. A forensic examination of Defendant's cell phone provided that she was in contact with both the known target, as well as another conspirator who messaged her throughout the duration of the drug transport. When Defendant told the conspirator she was leaving the initial meeting with the target because she was uncomfortable, the individual assured Defendant that she was still going to be paid.

    Defendant is 35 years old. She has lived her entire life in Berwyn, Illinois. Defendant's father lives in Mexico and her mother also resides in Berwyn but she has no contact with either of them. Her mother had her at 16-years old and struggled with drug addiction causing an unstable and chaotic home environment. Defendant recalls taking care of her younger siblings due to her mother's substance abuse and neglect. She was also sexually abused by a friend of her mother's when she was eight years old. Defendant went to live with her maternal grandparents when she was 11 and got pregnant with her first child at age 15. She shares a 19-year-old daughter and a 16-year-old son with a former boyfriend, who was physically and emotionally

abusive throughout their relationship. Defendant has been with her current boyfriend since 2021, who lives with Defendant and her teenage son. She was recently diagnosed with major depressive disorder and anxiety disorder, which is treated with both talk therapy and medication. Defendant regularly used marijuana from 12-years old up through the time of the instant offense. She earned a high school equivalency certificate from Illinois Community College Board and has worked as a patient coordinator at various medical facilities since 2013.

      Defendant's decision to join this conspiracy is perplexing. By her own account, she had been in a stable relationship with a good job for several years before deciding to get involved in the instant conduct. Moreover, she drove over 20 kilograms of cocaine—four times the amount typically required to trigger the ten-year mandatory term of imprisonment mandated by Congress—to Columbus from Chicago with her teenage son in the car. The Government agrees with Defendant's statement to law enforcement at the time she got caught, people do in fact "lose their lives over this stuff," and yet this was the choice she made. (PSR, ¶ 11.) The United States is empathetic regarding the trauma Defendant endured growing up and into adulthood, and there are undoubtedly mitigating factors at play in this case regarding her role and lack of criminal history. However, much of this was taken into account in reaching the guidelines range in this case through the minimal role adjustment (which also decreased the base offense level), the safety valve reduction, and the zero-point offender application. Nonetheless, actions have consequences, and those consequences need to send a message to others similarly situated to Defendant that trafficking drugs across the country for dangerous criminal organizations is not a viable option to make quick money.

      Consideration of the most relevant sentencing factors warrants a sentence at the bottom of the guidelines range. Such a sentence would properly consider the nature and circumstances of

Defendant's offense conduct. Such a sentence would also take into consideration Defendant's particular history and characteristics, including her role and lack of criminal history. A sentence at the bottom of the guidelines range will also serve to protect the public from future crimes of Defendant and should hopefully serve to prevent her and others from committing similar crimes in the future.

## V.     CONCLUSION

For all of the foregoing reasons, the United States respectfully submits that a term of imprisonment at the bottom of the guidelines range would be sufficient but not greater than necessary to achieve the statutory goals of sentencing.

                                                Respectfully submitted,

                                                DOMINICK S. GERACE II
                                                United States Attorney

                                                *s/ Nicole Pakiz*
                                                NICOLE PAKIZ (0096242)
                                                Assistant United States Attorney
                                                303 Marconi Boulevard, Suite 200
                                                Columbus, Ohio 43215
                                                (614) 469-5715
                                                Fax: (614) 469-5653
                                                Nicole.Pakiz@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of February, a copy of the foregoing Government's Sentencing Memorandum was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*s/ Nicole Pakiz*
NICOLE PAKIZ (0096242)
Assistant United States Attorney